IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KAREN D. GARCIA** on her own behalf and of minor DM,<br><br>PLAINTIFFS<br><br>V.<br><br>**MUNICIPALITY OF COMERIO; QBE SEGUROS; INSURERS 1-10; UNKNOWN DEFENDANTS 1-10**<br><br>DEFENDANTS | CIVIL NO.:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY<br><br>TORTS - DIVERSITY |

# COMPLAINT

**TO THE HONORABLE COURT**:

Come now Plaintiffs, by and through their undersigned attorneys, whom respectfully state, allege, and request as follows:

**I.    NATURE OF ACTION**

1.1    This is an action brought under the laws of the Commonwealth of Puerto Rico, seeking compensatory damages for the physical and emotional injuries suffered by Plaintiffs as a result of the injury sustained in a pathway in the Municipality of Comerio.

1.2    Said pathway was knowingly kept in dangerous conditions by the Municipality of Comerio, even under plain view, and allowed to continue in such a dangerous state.

**II.   JURISDICTION AND VENUE**

2.1    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as the claims involve citizens that are residents and are domiciled in different States of the United States of America and the damages suffered by Plaintiff exceed the amount of $75,000.00,

excluding costs and interests.

2.2     Venue is proper in the instant case as all claims arise from events that occurred within the jurisdiction of this Court in the Commonwealth of Puerto Rico.

2.3     The plaintiff demands that all issues of material fact be tried by jury.

### III. PARTIES TO THE ACTION

3.1     Plaintiff **KAREN D. GARCIA** (hereinafter referred to as "**GARCIA**" or "Plaintiff") is of legal age, single, and a resident of Tampa, Florida. She is an injured party to this case due to Defendant's negligence and misconduct. She also appears on behalf of her minor son **DM**, *infra*.

3.2     Plaintiff **DM** ("**DM**" or "Plaintiff") is a minor, resident of the State of Florida and the injured party to this case due to Defendant's negligence and misconduct. He appears through his legal guardian, his mother and Plaintiff to the action, **KAREN D. GARCIA.**

3.3     The **MUNICIPALITY OF COMERIO** (hereinafter referred to as "MUNICIPALITY") is a governmental entity created by law with the capacity to sue and be sued. The Municipality is the owner of the pathway in which the accident object of this complaint occurred.

3.4     Defendant **QBE SEGUROS** ("QBE") is an entity incorporated in and with its principal place of business in San Juan, Puerto Rico, who issued an insurance policy in favor of the **MUNICIPALITY OF COMERIO** that covers the pathway infrastructure in which the accident object of this complaint occurred.

3.5     Defendants **INSURERS 1-10** are, by information and belief, the ten (10) business entities organized under the laws of a State of the Union different from that of Plaintiffs, whose real name is presently unknown, and that have issued insurance policies that covers the vehicle

involved in the accident object of this complaint, of any kind including excess or umbrella policies, that cover all or part of the risks, damages, occurrences and/or events alleged in this complaint.

       3.6       Defendants **UNKNOWN DEFENDANTS 1-10** are, by information and belief, the ten (10) business entities or natural persons that could be liable to Plaintiff for creating the risk condition that caused her accident and her damages or for being responsible for paying the compensation to which she is ultimately entitled to.

## IV.   FACTS COMMON TO ALL CAUSES OF ACTION

       4.1       On or about May 13, 2018, in the afternoon hours, around 2:30 p.m. **DM,** a minor, was walking through a municipal pathway that provided access to the property of Ms. Anahilda Melendez. That pathway connects with Road 780 near Kilometer 5, Hectometer 4.9, entering an area known as "Los Melendez" Sector, in Comerio, Puerto Rico.

       4.2       In the municipal pathway where minor DM was injured there was marked indentation where the area had caved-in causing him to lose his balance, falling and landing on his arms. As a result of the fall, minor DM sustained, among other injuries, a double fracture in his right arm.

       4.3       As a result of the injuries, DM required hospital intervention. His right arm had to be immobilized with a cast and required subsequent aftercare. To date, DM has a diminished function of his right arm.

       4.4       The above-mentioned accident was caused solely by the negligence of the **MUNICIPALITY** when it failed to properly maintain the public pathway in an area where pedestrians used such facilities.

       4.5       The **MUNICIPALITY** knew or should have known about the existence of said hazardous and perilous condition negligently maintained by its employees or agents, and it was

reasonably foreseeable to Defendant that such condition could, and did, pose a threat to the safety and well-being of the tourists, citizens, visitors and any other person lawfully using said area, including Plaintiff, but did nothing to eliminate such dangerous condition or warn about its existence before the occurrence of the fall suffered by Claimant.

4.6     The **MUNICIPALITY** had a duty towards the tourists, citizens, visitors and others to keep the sidewalks and pathways in a reasonably safe condition and to reasonably inspect the same according to applicable standards, as well as pursuant to its knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent the pedestrians and others lawfully using said grounds, including Plaintiff, from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

4.7     The **MUNICIPALITY** had a duty towards tourists, citizens, visitors and others to provide adequate supervision, training, and instructions to its employees or agents to ensure these individuals could identify and recognize hazardous and dangerous conditions, so that they could adequately take any proper, reasonable and necessary precautions or measures required to protect the pedestrians and others lawfully in Municipal grounds, including Plaintiff, from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

4.8     The **MUNICIPALITY** was negligent in that it breached and utterly failed to comply with its duties to:

> a. properly inspect the pathway in order to identify hazardous, perilous or dangerous conditions;
>
> b. warn, remove or eliminate hazardous, perilous or dangerous conditions;
>
> c. properly train and instruct its agents or employees to maintain the pathway's in a reasonably safe condition for the use of the pedestrians and others -- including, but not limited to, training and instructions on how to adequately inspect, identify and remove or eliminate or warn against hazardous, perilous or dangerous conditions; and,

d. maintain the pathway's grounds in reasonably safe conditions, free from hazardous, perilous or dangerous conditions.

e. warn of the existing risk of harm.

4.9  It was reasonably foreseeable to the **MUNICIPALITY** that its failure to comply with one or more of the previously mentioned duties could cause the pedestrians and others lawfully using said grounds to suffer injuries, damages and harm, as those occasioned to and suffered by **DM**.

4.10  The sole and exclusive negligence of the **MUNICIPALITY** was the proximate or adequate cause of the injuries, damages and losses suffered by the plaintiff, stated hereinafter.

4.11  Because of the **MUNICIPALITY'S** breach of duty of care to the Plaintiffs, they have sustained and suffered the loss and damages complained of herein.

4.12  The sole and exclusive negligence of Defendants was the proximate or adequate cause of the injuries, damages and losses suffered by the Plaintiffs, stated hereinafter.

4.13  QBE issued an insurance policy that covers the area where the accident occurred as well as the damages suffered by plaintiffs, under whose express terms QBE and the Municipality of Comerio are jointly and severally liable to Plaintiff for the damages suffered.

4.14  INSURERS 1-10 are liable to Plaintiff up to the limits of the insurance policy that they issued.

4.15  UNKNOWN DEFENDANTS 1-10 are liable to Plaintiffs for their negligence in the occurrence of the accident which ultimately is the direct or contributory cause of the accident or for having the obligation to pay any compensation that Plaintiff is entitled to.

## V.  FIRST CAUSE OF ACTION

5.1   The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

5.2   As a direct result of the above-stated negligent acts and/or omissions of Defendant, **DM** suffered shock and trauma to his body, including his muscular, skeletal and nervous systems; and, he sustained an upper body injury, which required hospital intervention, immobilization and will most probably require additional medical care in the near future.

5.3   As a direct consequence of the severe shock and trauma **DM** sustained, he suffered and continues to suffer from persistent and excruciating physical pains, aches and neurological deficits. Moreover, these injuries have caused him to suffer from loss or limitations of movement and potentially permanent and partial disabilities; and, to undergo organic, functional, physiological and neurological changes of a premature, degenerative and progressive nature. All of these injuries have also substantially limited his capacity to perform activities common for people of his age and sex, as well as his ability to participate and/or attend customary social and recreational activities and entertainment functions with his family and friends.

5.4   For these physical pains, injuries and disabilities, **DM** is entitled to receive and hereby demands just and fair compensation from Defendant, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VI.  SECOND CAUSE OF ACTION

6.1   The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

6.2   As a direct consequence of the above-stated negligent acts and/or omissions of Defendant and the resultant physical pains, injuries and disabilities sustained by **DM**, he suffered,

is suffering and will continue to suffer from permanent and severe mental anguish and emotional distress.

6.3     As a further direct consequence of the foregoing, **DM** sustained a loss of happiness and the capacity to enjoy life, and an inability to maintain normal social and familial relationships.

6.4     For these mental and emotional damages, **DM** is entitled to receive and demands just and fair compensation from Defendants, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VII.    THIRD CAUSE OF ACTION

7.1     The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

7.2     As a direct consequence of the above-stated negligent acts and/or omissions of Defendant and the resultant physical injuries, pain and disabilities, and mental anguish and distress suffered by **DM**, his mother **GARCIA** suffered, is suffering and will continue to suffer, for an indeterminate period of time, a loss of the company, aid, assistance, affection, enjoyment, happiness, services and moral support he derived and would have continued to derive from his brother, but for said negligence, all of which has caused him to sustain severe mental anguish and emotional distress.

7.3     For these mental and emotional damages, **GARCIA** is entitled to receive and hereby demands just and fair compensation from the defendants, for a reasonable amount of not less than **EIGHT HUNDRED THOUSAND DOLLARS ($800,000.00)**.

## VIII.    PREJUDGEMENT INTEREST, ATTORNEY FEES AND COSTS

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the Plaintiff and against the defendant:

a. granting the plaintiff all the sums and remedies requested in the complaint;

b. imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

c. awarding Plaintiff a reasonable amount for attorneys' fees; and,

d. granting the Plaintiff any other relief that they may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 3rd day of January, 2019.

**QUINTANA & SUÁREZ, P.S.C.**
**PARTE DEMANDANTE**
400 Calle Calaf
PMB #165
San Juan, Puerto Rico 00918-1314
Tel.   787-761-1067
787-761-1310
Fax   787-283-9994
Email:   jorgequintanalajara@gmail.com

**S:/ Jorge R. Quintana Lajara**
U.S.D.C. No 219203

PEDRO R. VAZQUEZ, III PSC

PMB No. 153
Esmeralda Ave, Suite 2
Guaynabo, PR 00969-4457
(787) 925-4669
Prvazquez3@gmail.com

s/ Pedro R. Vazquez
Pedro R. Vázquez
USDC No. 216311